IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID GODWIN FRANK,<br><br>  Defendant. | **ORDER and<br>MEMORANDUM DECISION**<br><br>Case No. 2:08-cr-822 CW<br><br>Judge Clark Waddoups |

Now before the court are motion by Defendant David Godwin Frank, a federal prisoner filing *pro se*, to "extend time in home confinement in [lieu] of [4] months prison and home confinement" (Dkt. No. 50) and motion to dismiss this case based on constitutional violations (Dkt. No. 51). After reviewing these documents, the court is inclined to construe these motions together as a motion for habeas relief under 28 U.S.C. § 2255 to correct his sentence to clarify that his sentence should be spent in local confinement and not in federal prison. Moreover, the court is inclined to grant the motion, since the court did not intend to commit Mr. Frank into the custody of the United States Bureau of Prisons, but rather intended that Mr. Frank spend his sentence in local confinement.

In *Castro v. United States*, 540 U.S. 375, 377 (2003), the Supreme Court held that a court is permitted to construe a motion by a *pro se* prisoner as one for relief under § 2255 even if it is not labeled as such. The Court instructed courts that do so however, that when doing so, the court is required to:

inform[] the litigant of its intent to recharacterize, warn[] the litigant that the

recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provide[] the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

*Id.*

In this case, there is some exigency in the circumstances that prevent the court from allowing Mr. Frank an immediate opportunity to withdraw or amend at this time. Mr. Frank is set to be transported to federal prison on the date of this Order. Because of these unusual circumstances, the court will construe Mr. Frank's motions as seeking habeas corpus relief to correct the judgment in his case. **The government is hereby given until April 15, 2011 to answer Mr. Frank's motion.** If Mr. Frank wishes to withdraw his motion before the government responds, he may do so.

Pending resolution of Mr. Frank's motion, the court hereby STAYS execution on the amended judgment. **Accordingly, the Bureau is instructed NOT to take custody of Mr. Frank today, and not to do so unless specifically instructed to do so by the court in a future order.**

DATED this 8th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge