IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID GODWIN FRANK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ,<br><br>Defendant. | **ORDER and**<br>**MEMORANDUM DECISION**<br><br>Case No. 2:11cv334<br><br>Criminal Case No. 2:08-cr-822 CW<br><br>Judge Clark Waddoups |

On April 8, 2011, the court issued an Order in which it construed two motions by David

Godwin Frank to be a petition under 28 U.S.C. § 2255 to correct the court's judgment to clarify

that Mr. Frank is to be in home confinement and not committed to the United States Bureau of

Prisons.  In response to that order, the government has suggested that rather than construe Mr.

Frank's motions as a § 2255 petition, the court should treat the motions as invoking

Fed.R.Crim.P. 36, which allows the court to correct clerical errors in a judgment.  The

government further recommends that it is appropriate in this case that the court correct its

judgment to state that Mr. Frank be allowed to serve his four months of work release in local

confinement.

As noted in its April 8 Order, courts have been warned not to construe motions as § 2255

petitions except when proper warnings are given to prisoners.  In this case, Mr. Frank was not

given an opportunity to respond to the court's intention to construe his motions in that fashion.

Accordingly, the court will follow the government's suggestion that Mr. Frank's motions are

more appropriately viewed as requests that this court exercise its power to correct errors pursuant

to Rule 36. The court thus VACATES its order of April 8, 2010 to the extent that it construed

Mr. Frank's motions as a § 2255 petition. This civil case is therefore CLOSED and the

government need not respond to the petition. Moreover, the court GRANTS Mr. Frank's motion

to correct the error in its sentence pursuant to Rule 36. A second amended judgment will today

be placed on the docket of Mr. Frank's criminal case that clarifies that Mr. Frank is not to be

committed to the Bureau for incarceration, but rather shall be allowed to serve his four months of

work release in local confinement.

        DATED this 15th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge