## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DAVID GODWIN FRANK,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND/OR ORDER**<br><br>Case No. 2:08-cr-00822-CW<br><br>Judge Clark Waddoups |

Defendant David Godwin Frank has filed a *pro se* Motion for Relief from Judgment and/or Order. (Dkt. No. 112.)

On December 11, 2008, Mr. Frank was charged with three counts of Bank Fraud in violation of 18 U.S.C. § 1344. (Dkt. No. 1.) A superseding felony information, filed on January 27, 2010, charged Mr. Frank with one count of False Statement in violation of 18 U.S.C. § 1001. (Dkt. No. 28.) Pursuant to a plea agreement, Mr. Frank pled guilty to Count I of the Information that same day. (Dkt. No. 29.) On April 12, 2010, the court sentenced Mr. Frank to four months Federal Bureau of Prisons ("BOP") custody to be "completed in a work release program." (Dkt. No. 35.) On June 27, 2011, Mr. Frank admitted to violations of supervised release, for which the court sentenced him to six months BOP custody and 24 months supervised release. (*See* Dkt. Nos. 75 & 76.) On August 3, 2011, the court denied Mr. Frank's motion to be released from BOP custody and resentenced to home confinement. (Dkt. No. 81.)

In his current Motion, Mr. Frank states that he has served his time and is off probation. (Dkt. No. 112, at 2.) Mr. Frank now requests that the court void the judgment in this case, arguing that the 2008 indictment was filed after the general federal criminal statute of limitations found in 18 U.S.C. § 3282, and arguing ineffective assistance of counsel. (*Id.*)

1

Upon review of the Motion, the record of this case, and relevant case law, the court DENIES Mr. Frank's Motion. (Dkt. No. 112.) The court construes his request to void the judgment as a 28 U.S.C. § 2255 motion and concludes that the court lacks jurisdiction to consider the arguments therein.

Because Mr. Frank argues that the original prosecution should have been barred by § 3282's five-year statute of limitations, Mr. Frank's claim of error appears directed at relief from his conviction or sentence. The court construes such a claim to vacate or set aside a judgment as a § 2255 motion because it collaterally attacks his criminal judgment of conviction as improper. *See United States v. Allen*, 549 F. App'x 810, 811 (10th Cir. 2013) (unpublished) (noting a defendant's assertion or reassertion of a claim of error directed at his conviction or sentence would constitute a § 2255 motion). This court, however, lacks jurisdiction to hear such a motion because Mr. Frank is no longer a federal prisoner or in federal custody. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (holding that a court only has jurisdiction to hear a collateral challenge to a federal sentence under § 2255 where "the defendant is in custody at the time of initiating the petition"). Moreover, Mr. Frank's Motion is untimely under § 2255(f)'s one-year limitation on such motions because it is filed well after his conviction in 2010.

For these reasons, the court DENIES Mr. Frank's Motion. (Dkt. No. 112.)

DATED this 25th day of May, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge