IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID GODWIN FRANK,<br><br>　　　　Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS**<br><br>Case No. 2:08-cr-00822-CW<br><br>Judge Clark Waddoups |

　　Before the court is Defendant David Godwin Frank's pro se petition for a writ of coram nobis. (ECF No. 115.) In his petition, Mr. Frank asks the court to vacate his conviction on the grounds that the charge he pled guilty to and was convicted of was barred by the applicable statute of limitations at the time he was charged.

　　On December 11, 2008, Mr. Frank was charged with three counts of Bank Fraud in violation of 18 U.S.C. § 1344. (ECF No. 1.) A superseding felony information, filed on January 27, 2010, charged Mr. Frank with one count of False Statement in violation of 18 U.S.C. § 1001. (ECF. No. 28.) Pursuant to a plea agreement, Mr. Frank pled guilty to Count I of the Information that same day. (ECF No. 29.) On April 12, 2010, the court sentenced Mr. Frank to four months Federal Bureau of Prisons ("BOP") custody to be "completed in a work release program." (ECF No. 35.) On June 27, 2011, Mr. Frank admitted to violations of supervised release, for which the court sentenced him to six months BOP custody and 24 months supervised release. (*See* ECF Nos. 75 & 76.) On August 3, 2011, the court denied Mr. Frank's motion to be released from BOP

custody and resentenced him to home confinement. (ECF No. 81.) Mr. Frank was sentenced to an additional 10 months in BOP custody on July 3, 2012 for a second supervised release violation. (ECF No. 99.) Mr. Frank was released from BOP custody on March 28, 2013.

In his current Motion, Mr. Frank requests that the court issue a writ of coram nobis vacating his conviction in this case, arguing that the 2008 indictment was filed after the general federal criminal statute of limitations found in 18 U.S.C. § 3282 had run and arguing ineffective assistance of counsel. (*Id.*)

This is not the first time Mr. Frank has sought to have his conviction vacated on statute of limitations grounds. Indeed, before filing the current petition, Mr. Frank raised the same statute of limitations argument on four separate occasions dating back to April 17, 2014. (*See* ECF Nos. 110, 111, & 112; Case No. 2:17-cv-00598, ECF No. 1.) Most recently, the court denied Mr. Frank relief under 28 U.S.C. § 2255 on the grounds that it lacked jurisdiction due to the untimeliness of Mr. Frank's motion and the fact that he was no longer a prisoner in federal custody. (*See* Case No. 2:17-cv-00598, ECF No. 2.)

"A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief." *United States v. Lujan*, No. 22-2014, 2022 WL 17588500 at *2 (10th Cir. Dec. 13, 2022) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). Issuance of a writ of coram nobis, however, is an "extraordinary remedy" and is only available to "correct errors that result in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

As a prerequisite for obtaining coram nobis relief, a defendant must show that he or she exercised due diligence in seeking the writ. *Id*. at 254. Thus, a defendant that waits too long to

2

seek a writ of coram nobis, and provides no justification for the delay, may not be granted relief. *See, e.g.*, *United States v. Robinson*, 597 F. App'x 551, 552 (10th Cir. 2015) (defendant did not exercise due diligence where he was aware of potential legal errors ten years before petition for writ of coram nobis); *United States v. Ballard*, 317 F. App'x 719, 722 (10th Cir. 2008) (defendant failed to exercise due diligence where he knew of grounds for ineffective assistance of counsel claim at least five years before bringing petition for writ of coram nobis); *United States v. Gaddis*, 200 F. App'x 817, 818-19 (10th Cir. 2006) (affirming denial of writ of coram nobis where defendant failed to explain why he waited nearly two years after release to file petition); *Klein*, 880 F.2d at 254 (defendant failed to exercise due diligence where he was aware of newly discovered evidence seven years before seeking writ of coram nobis).

Here, more than 13 years passed between the time that judgment was entered against Mr. Frank in this case and the time his current petition was filed. Mr. Frank filed his petition more than 10 years after he was last held in BOP custody, and more than 9 years after he first raised the statute of limitations issue with the court. This substantial delay precludes granting Mr. Frank coram nobis relief unless he can provide some explanation as to why, by exercising due diligence, he could not have brought his petition sooner.

In his petition, Mr. Frank argues that the failure of his trial counsel to advise him regarding the statute of limitations before he pled guilty is a valid reason why he did not bring his petition at an earlier date. (*See* Petition at 6-7, ECF No. 115.) But the record clearly shows that Mr. Frank was aware of his statute of limitations argument by at least April 17, 2014. (*See* Notice, ECF No. 111.) Mr. Frank provides no explanation as to why he waited an additional nine years, until October 5, 2023, to first seek a writ of coram nobis.

Mr. Frank's substantial unjustified delay in bringing his petition constitutes a lack of due diligence and, therefore, disqualifies him from obtaining coram nobis relief. Accordingly, the court DENIES Mr. Frank's petition for a writ of coram nobis.

DATED this 19th day of January, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Court
