**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>DAVID GODWIN FRANK,<br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cr-822 Hon. Clark Waddoups |

Before the court are the following submissions from *pro se* Defendant David Godwin Frank: a "Writ of Praecipe," notice of filing entered filed April 9, 2025 [ECF No. 128]; a "Writ of Certiorari," notice of filing entered May 27, 2025 [ECF No. 129]; a "Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law," docketed as lodged on November 17, 2025 [ECF No. 130]; an "Amended Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law," docketed as lodged on November 17, 2025 [ECF No. 131]; and a letter dated November 17, 2025, that included a document entitled "Praecipe and Renewed Request for Ruling on Pending Docketed Filings Including Petition for Writ of Certiorari, Writ of Praecipe, and Motion to Vacate, Set Aside, or Correct Judgment, and Incorporated Exhibits," docketed as lodged that same day. [ECF No. 132.]

For the reasons discussed below, each of these submissions is DISMISSED.

**BACKGROUND**

In April 2010, following his entry of a guilty plea to a superseding felony information that charged him with one count of false statement in violation of 18 U.S.C. § 1001, Mr. Frank was sentenced to four months in Federal Bureau of Prisons ("BOP") custody to be "completed in a work release program" and a 36-month term of supervised release. [*See* ECF No. 35.] A little over one year later, on June 27, 2011, Mr. Frank, after admitting to violations of the terms of his supervised release, was sentenced by the court to six months BOP custody and 24 months of supervised release. [*See* ECF Nos. 75 & 76.] And on July 3, 2012, Mr. Frank again appeared before the court for sentencing on a second supervised release violation. He was sentenced to 10 months in BOP custody for this second violation, but the court did not add any term of supervised release. [*See* ECF Nos. 99 & 101.] Mr. Frank was released from BOP custody and all supervision on March 28, 2013.

On May 18, 2017, more than four years after he was released from custody and more than seven years after he was convicted, Mr. Frank filed a "Motion for Relief from Judgment and/or Order." [ECF No. 112.] The argument underlying this motion was Mr. Frank's assertion that, because the five-year statute of limitation applicable to the false statement offense under which he pled guilty had expired before he was indicted, the court lacked jurisdiction to convict and sentence him. [*See id.* at 2.] Because this motion sought to vacate Mr. Frank's 2010 conviction the court construed it as a motion under 28 U.S.C. § 2255 and denied it finding that it

lacked jurisdiction to hear the motion because Mr. Frank was no longer in federal custody and because it was untimely under § 2255(f)'s one-year limitations period. [*See* ECF No. 113 at 2.]

Just three weeks later, Mr. Frank filed a second and virtually identical "Motion for Relief from Judgment and/or Order; §17 Motion to Vacate, Set Aside, or Correct a Sentence." [ECF No. 114.] This motion, which asserted the very same statute of limitation argument as the prior motion, was assigned a new civil action case number. [*See Frank v. United States*, No. 2:17-cv-598, ECF No. 1]. On August 14, 2017, the court, after construing this second motion as another § 2255 motion, denied the motion for the same reasons that it denied the prior motion. [*See id.* at ECF No. 2.] Mr. Frank did not appeal these rulings.

Undaunted, five years later Mr. Frank filed a "Petition for Writ of Error Coram Nobis" in which he raised the very same legal issue. [ECF No. 115, filed October 5, 2023.] The court denied that petition on January 24, 2024. [ECF No. 119; *see United States v. Frank*, No. 2:08-cr-0822, 2024 WL 233337, at *1 (D. Utah Jan. 22, 2024). Mr. Frank appealed that ruling. [*See* ECF No. 120.]

Following its *de* novo review, the United States Court of Appeal for the Tenth Circuit affirmed that ruling. *See United States v. Frank*, No. 24-4021, 2024 WL 4164254 (10th Cir. Sept. 12, 2024) (unpublished). In doing so the Tenth Circuit specifically noted that "Mr. Frank unsuccessfully moved the district court four times to vacate his conviction, arguing that the 2008 indictment was filed beyond the general 5-year federal criminal statute of limitations." *Id.* at *1. In its affirmance

the Tenth Circuit further noted that: (1) the district court did not abuse its discretion when it denied the writ after concluding that Mr. Frank's delay in seeking the writ was substantially unjustified; (2) because Mr. Frank did not seek a direct appeal on the statute of limitations issue he procedurally defaulted; and (3) Mr. Frank had failed to avail himself of relief that had been (but was no longer) available under § 2255. *Id*. at *3–4. Notably, the Tenth Circuit did not remand the case for any purpose. *Id*. at *5. Mr. Frank's subsequent petition for writ of certiorari of that decision was denied by the Supreme Court. *See Frank v. United States*, 145 S. Ct. 1151 (2025).[1]

A little over two months after the Supreme Court denied certiorari, and almost 15 years to the day after he was convicted, Mr. Frank began mailing the various writs and other submissions to the court that are the subject of this Order.

## DISCUSSION

Each of Mr. Frank's submissions asserts the very same error: that then five-year statute of limitations that governed the false statement offense under which he was charged had expired before he was indicted and therefore the court was without jurisdiction to convict and sentence him.[2] In short, he argues that prosecution of

[1] Mr. Frank sought rehearing, a request that was also denied. *See Frank v. United States*, 145 S. Ct. 1467 (2025).

[2] Because Mr. Frank is proceeding *pro se* the court has liberally construed his submissions, but it has not assumed the role of his advocate. *See United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012).

him under a time-barred felony information was a "jurisdictional defect" that rendered his conviction "*void ab initio*." [*See, e.g.,* ECF No. 128 at 2–3.]

But as highlighted above, Mr. Frank has raised this issue many times before. He did so in his two prior § 2255 motions that the court dismissed. [*See* ECF No. 113; *Frank v. United States*, No. 2:17-cv-598, ECF No. 1]. Five years later he did so again in his petition for writ of error coram nobis. [*See* ECF No. 115.] The court denied that petition. *See United States v. Frank*, 2024 WL 233337, at *1. The Tenth Circuit affirmed and the Supreme Court denied certiorari. *See United States v. Frank*, 2024 WL 4164254, at *3–5, and *Frank v. United States*, 145 S. Ct. at 1151.

In his current petition for writ of praecipe Mr. Frank specifically asks this court to determine whether the Tenth Circuit "erred" when it affirmed *de novo* this court's denial of his writ of coram nobis and held that he had procedurally defaulted on his statute of limitation/jurisdictional claims.

[*See* ECF No. 128 at 3.] He also asserts that the Supreme Court's subsequent denial of certiorari "was based on incorrect factual and legal assumptions" [*see id*. at 47], that "[t]he Tenth Circuit's ruling Conflicts with Supreme Court Precedent" [*see id*. at 55], and that the "Tenth Circuit failed to apply controlling precedent." [*See id*.]

By its very nature a petition for writ of praecipe asks a court to take some form of action. *See, e.g., Rainey v. United States*, No. CIV. A. 1:11-0699, 2012 WL 4320852, at *2 (S.D. W.Va. Sept. 20, 2012) ("[A] writ of praecipe amounts to a 'written motion or request seeking some court action.'") (quoting Black's Law

Dictionary, "Praecipe," (9th ed. 2009)). But at the time Mr. Frank mailed his various writs of praecipe to the court, there were no pending motions, petitions, or other matters before the court for which it could take any action.

Nor could the District Court have taken any action. As noted above, Mr. Frank's praecipe asks the court to sit as a court of review over the Tenth's Circuit's coram nobis decision and the Supreme Court's denial of certiorari. It is plain that the court lacks any jurisdiction to do so.

One problem for Mr. Frank is that he has asked for and been denied this same relief at least three times before, as discussed above. But the most difficult obstacle (and one he cannot surmount) is that the Tenth Circuit ruled in 2024 that Mr. Frank was not entitled to relief.

The Tenth Circuit has repeatedly held that, "[g]enerally, 'once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case" and there must be compliance with the reviewing court's mandate. *See Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002) (quoting *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997)). And it has further explained that "[a] decision by this court establishes the law of the case and prevents an issue decided by it from being relitigated on remand. When we remand a case, we generally provide instructions to the district court—the so-called 'mandate.' We have said '[t]he mandate consists of our instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded

those instructions.'" *United States v. Dutch*, 978 F.3d 1341, 1345 (10th Cir. 2020) (cleaned up and internal citations and quotations omitted).

In its decision in *United States v. Frank*, 2024 WL 4164254, at *2, the Tenth Circuit rejected Mr. Frank's claim his 2010 conviction must be vacated because the applicable statute of limitations had expired before he was charged when it affirmed this court's order denying his petition for writ of coram nobis. It did so by first recognizing its agreement with this court's rationale for dismissal. *See id*. at *2. But it also affirmed the denial for reasons not addressed by this court. These included the Tenth Circuit's determination that Mr. Frank was not entitled to relief because: (1) he unduly delayed in raising these claims; (2) he procedurally defaulted in seeking relief; (3) his claims were no longer reviewable under 28 U.S.C. § 2255; and (4) his claimed error was not a "fundamental error" or "miscarriage of justice that would warrant the relief he was seeking. *See id*. at *3–5. And perhaps, most important, it cited a Supreme Court decision that expressly held that a general statute of limitations, like the one relied upon by Mr. Frank, provides only a "non-jurisdictional defense, not a jurisdictional limit.'" *Id.* at 4 (quoting *Musacchio v. United States*, 577 U.S. 237, 247 (2016)).[3]

---

[3] Notably, the Tenth Circuit has observed that "a claim that a criminal charge is time-barred by a statute of limitations is an affirmative defense" that "can be waived." *See United States v. Brody*, 705 F.3d 1277, 1284 (10th Cir.2013). It has also recognized that a failure to raise the defense at trial results in waiver. *See United States v. Madsen*, 614 F. App'x 944, 952 (10th Cir. 2015) (unpublished). Here, Mr. Frank never went to trial or raised a statute of limitations defense at or before the time he entered his guilty plea and was convicted.

And in affirming this court's denial of the Mr. Frank's writ of coram nobis, the Tenth Circuit noted that "Mr. Frank was facing three counts of bank fraud—all of which were timely under the relevant 10-year statute of limitations. He does not—and presumably

Nothing in the Tenth Circuit's decision remanded any issue back to this court. Rather, the decision fully addressed and rejected Mr. Frank's underlying claim. Moreover, the Supreme Court subsequently denied Mr. Frank's petition for writ of certiorari and his petition for rehearing. Thus, there has been a final (and unreviewable) determination that Mr. Frank is not entitled to any relief based upon his legal claim that his conviction should be vacated because the statute of limitation had expired before he was charged.

Because this court lacks jurisdiction to review or modify these prior higher court decisions, each of Mr. Frank's petitions and writs must be dismissed.

In addition, and as noted above, embedded in one of Mr. Frank's petitions is a document entitled "Motion to Vacate, Set Aside, or Correct Judgment." This motion is based on the same statute of limitation error as other various petitions and writs. This motion, however, was only presented to the court as an exhibit to Mr. Frank's "Praecipe and Renewed Request." [*See* ECF No. 132 at 6, 11–15.] For various reasons this motion must be dismissed.

First, this motion is not properly before the court. Under this court's rules any motion must be "separately filed." DUCrimR 12-1(d); *see also* DUCivR 7.1(a)(3) (same). It cannot be contained in a response, reply, or other paper. *See id.* Presenting this motion as an exhibit to another submission does not satisfy this requirement.

---

cannot—explain why he would have chosen to face three bank fraud charges rather than plead guilty to a single false statement charge and receive a low-end recommendation." *See United States v. Frank*, 2024 WL 4164254, at *3.

Second, this would be Mr. Frank's third § 2255 motion. As explained above, his previous two § 2255 motions were denied by the court in 2017. It is well established that successive § 2255 motions are not permissible unless they satisfy certain gatekeeping requirements. These requirements are described in general terms in § 2255(h), which first sets forth two possible grounds for getting relief in a successive § 2255 motion: newly discovered evidence of innocence or a new rule of constitutional law made retroactive by the Supreme Court. Notably, Mr. Frank's motion does not satisfy either ground.

Further, Mr. Frank has not received permission from the Tenth Circuit to pursue a successive § 2255 motion, which is required under 2255(h). *See* 28 U.S.C. § 2255(h) (providing that the successive motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before the motion may move forward). Thus, this court lacks jurisdiction to consider it. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("'[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.'") (quoting *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir.2006)).

Further, even if it could be considered, this motion would likely be dismissed because it is both untimely and substantively improper. There is a one-year statute of limitation for § 2255 claims. *See* 28 U.S.C. § 2255(f). This most recent § 2255 motion—at least Mr. Frank's third—was submitted more than 15 years after his conviction, which falls far outside the one-year period. Further, because Mr. Frank

is not in federal custody—and hasn't been for more than a decade—the court lacks jurisdiction to entertain his motion. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'") (emphasis original) (quoting 28 U.S.C. § 2241(c)(3)) and citing 28 U.S.C. § 2255(a)); *Clark v. Oklahoma*, 789 F. App'x 680, 683 (10th Cir. 2019) (unpublished) (recognizing that a habeas petitioner is not "'in custody'" when the sentence imposed for his conviction has fully expired at the time his petition is filed) (quoting *Maleng*, 490 U.S. at 491); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (recognizing that a challenge under § 2255, like a habeas corpus proceeding, is available only to attack a federal sentence under which the defendant is in custody at the time of initiating the petition).

Accordingly, Mr. Frank's writ of praecipe and his other writs and petitions are dismissed without prejudice for lack of jurisdiction. And even assuming his third § 2255 motion had been properly filed, it is likewise dismissed without prejudice for lack of jurisdiction because he has not received permission from the Tenth Circuit to file a successive petition and because it is otherwise untimely.[4]

---

[4] In addition, to the extent that Mr. Frank's third § 2255 motion could be read to raise claims under 42 US.C. § 1983, those claims are also dismissed without prejudice. As a threshold matter, they are not properly raised in this context: such claims, assuming they are not frivolous and comport with Fed. R. Civ. P. 11, must be raised in a separate civil action. *Cf. United States v. Christy*, 883 F. Supp. 2d 1040, 1041 (D.N.M. 2012) (noting that to the extent that a person is seeking damages from federal officials for prosecutorial misconduct a civil lawsuit under 42 U.S.C. § 1983 is the appropriate vehicle for him to seek damages and he must file a separate civil lawsuit if he intends to do so); *Ridley v. Kansas*,

## CONCLUSION

Timing is everything. Mr. Frank's writs and petitions are grounded upon his claim that his conviction is invalid because he was indicted just three days after the five-year statute of limitations expired. But he refuses to accept the fact that his numerous post-conviction efforts to have that claim heard have been even more

---

No. 21-3158, 2021 WL 2913584, at *3 (D. Kan. July 12, 2021) (noting that if habeas petitioner wishes to pursue civil rights claims he must initiate a separate civil action). In addition, even if properly raised it appears that many of these claims would fail for myriad reasons. Among these is that many of the claims appear to be time barred given that Mr. Frank was convicted in 2010, more than 15 years before these filings. *Cf. Am. W. Bank Members v. Utah*, No. 2:16-cv-326, 2018 WL 734401, at *8 (D. Utah Feb. 6, 2018) (noting that both the Tenth Circuit and Utah Supreme Court have confirmed that the four-year residual statute of limitations for personal injury actions applies to § 1983 claims). Further, because Mr. Frank's § 1983 claims appear be based on prosecutorial decisions made by the United Sates Attorney's office and judicial decisions made by a United States District Court, a United States Court of Appeal, and the United States Supreme Court, he faces hurdles of judicial and prosecutorial immunity that likely bar such claims. *See, e.g.*, *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (recognizing that the doctrine of judicial immunity precludes recovery of damages under § 1983 from federal judges) (citations omitted).

Nor does Mr. Frank's invocation of Federal Rule of Civil Procedure 60(b)(6) change that analysis. When, as is the case here, the underlying claims call into question the validity of Mr. Frank's conviction, such claims—even if asserted under Rule 60(b)—are construed as § 2255 claims and are subject to the same temporal and procedurals rules noted above. *Cf. United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (noting that the Supreme Court has emphasized that petitioners "cannot circumvent the statutory certification requirements applicable to second-or-successive applications by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance," and further noting that "to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.") (citations and internal quotations omitted).

And finally, Mr. Frank's invocation of a claim under the U.C.C. is not a claim that can be properly raised in a § 2255 motion. *See Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011) (unpublished) (observing that habeas petitioner's use of theories based on the U.C.C. to attack the execution of his criminal sentence "simply has no foundation in our laws"). And although the court has not yet imposed any filing restrictions on Mr. Frank, he is cautioned that any abusive or repetitive filings may result in future filing restrictions.

untimely and have been decided against him.[5] He never filed a direct appeal of his conviction, his § 2255 motions were filed at least six years after the applicable limitations period expired, and he substantially delayed seeking a writ of coram nobis for more than 13 years. If timing matters—and it does—under these circumstances it cuts against Mr. Frank.

Accordingly, for all of the above reasons, **IT IS ORDERED** that the clerk of the court shall docket as filed each of Mr. Frank's submissions, *i.e.*, his a "Writ of Praecipe," notice of filing entered filed April 9, 2025 [ECF No. 128]; a "Writ of Certiorari," notice of filing entered May 27, 2025 [ECF No. 129]; a "Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law," docketed as lodged on November 17, 2025 [ECF No. 130]; an "Amended Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law," docketed as lodged on November 17, 2025 [ECF No. 131]; and a letter dated November 17, 2025, that included a document entitled "Praecipe and Renewed Request for Ruling on Pending Docketed Filings Including Petition for Writ of Certiorari, Writ of Praecipe, and Motion to Vacate, Set Aside, or Correct Judgment, and Incorporated Exhibits," docketed as lodged that same day. [ECF No. 132.]; and

---

[5] Mr. Frank's persistence in the face of all these adverse rulings reminds the court of a reflection from then Judge Gorsuch, who once noted:

> We're beginning to think we have an inkling of Sisyphus's fate. Courts of law exist to resolve disputes so that both sides might move on with their lives. Yet here we are, forty years in, issuing our seventh opinion in the Ute line and still addressing the same arguments we have addressed so many times before.... Over the last forty years the questions haven't changed—and neither have our answers. We just keep rolling the rock."

*Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1257–58 (10th Cir. 2016).

**IT IS FURTHER ORDERED** that Mr. Frank's "Writ of Praecipe" [ECF No. 128]; "Writ of Certiorari" [ECF No. 129]; "Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law" [ECF No. 130]; "Amended Praecipe & Motion for Order Requiring Response, with Incorporated Memorandum of Law" [ECF No. 131]; and "Praecipe and Renewed Request for Ruling on Pending Docketed Filings Including Petition for Writ of Certiorari, Writ of Praecipe, and Motion to Vacate, Set Aside, or Correct Judgment, and Incorporated Exhibits" [ECF No. 132] are dismissed without prejudice; and

**IT IS FURTHER ORDERED** that Mr. Frank's Notice of Non-Response and Renewed Request for Status, Date Certain Response Order, and Prompt Written Ruling" [ECF No. 134] is DENIED as moot.

DATED this 14th day of September 2026.

BY THE COURT:

Clark Waddoups
United States District Judge